STEVEN A. SCHWABER -- #43678
Law Offices of Steven A. Schwaber
2600 Mission Street
Suite 100
San Marino, California 91108

Telephone (626) 403-5600
Facsimile (626) 403-4691

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>GARY YEARICK and<br>PAMELA YEARICK<br><br>Debtors | Case No. 6:12-bk-13422-SY<br><br>Chapter 7<br><br>MOTION OF DEBTORS TO REOPEN CASE TO ENFORCE DEBTORS' DISCHARGE; DECLARATIONS IN SUPPORT THEREOF [FRBP 5010; LBR 5010-1]<br><br>DATE: [NO HEARING SET]<br>TIME:<br>CTRM: 304<br>3420 - 12TH Street<br>3rd Floor<br>Riverside, CA 92501 |

GARY YEARICK and PAMELA YEARICK, Debtors ("Debtors" or "Movants"), pursuant to Federal Rule of Bankruptcy Procedure 5010 and Local Bankruptcy Rule 5010-1, hereby moves this Court *ex parte* for an order reopening the instant bankruptcy case for the sole and limited purpose of seeking redress for acts by BANK OF AMERICA N.A. and SELECT PORTFOLIO SERVICING, INC. ("Respondents") in violation of the permanent discharge injunction of 11 U.S.C. §524 and/or the provisions of the Debtors' confirmed and fully performed Chapter 13

Plan, to wit, asserting a claim for money due on its secured debt which claim has been fully paid under the plan and included in the discharge of the Debtors, and in support of this motion sets forth the following:

1. Debtors filed their voluntary Chapter 13 petition herein on February 10, 2012.

2. The Debtors' First Amended Chapter 13 Plan (the "Plan") was confirmed by this court on May 7, 2012. The Plan as approved called for the Debtors to keep all regular monthly payments to the secured lenders current during the Plan period. A copy of this Plan is attached hereto as Exhibit 1, and is incorporated herein by reference as though fully set forth at this point.

3. At all times following the confirmation of the Plan, the Debtors made, *inter alia*, all regular monthly payments due on the notes and deeds of trust executed by Debtors in favor of Countrywide Home Loans, Inc. ("Countrywide"). Countryside's assets, including this loan, were subsequently acquired in approximately 2008 by Bank of America. Such payments were made to Bank of America following its acquisition of Countrywide.

4. Bank of America was a duly scheduled secured creditor in Schedule D of the Debtors' schedules. A copy of the Debtors' Schedule D is attached hereto as Exhibit 2, and is incorporated herein by reference as though fully set forth at this point.

5. At no time were the Debtors notified that their payments were to be made to any other owner or servicer of the Countrywide note other than at the time of Bank of America's acquisition of Countrywide. As a result, all of the Debtors' post-

petition regular payments were made by them to Bank of America.

6. The Court entered the Discharge of Debtors herein on April 16, 2014 and the case was closed by the clerk's office of this Court on May 15, 2014.

7. The foregoing court activity is evidenced by this Court's ECF docket report of the instant bankruptcy case, a copy of which is attached hereto as Exhibit 3, and is incorporated herein by reference as though fully set forth at this point. Judicial notice of this document is requested in a separate pleading filed concurrently herewith.

8. From and after the closing of this case, the Debtors have received repeated notices from an entity named Select Portfolio Services ("SPS") asserting a default by the Debtors in their postpetition payments and asserting its rights as a creditor in the case.[1]

9. Debtors' counsel, Steven A. Schwaber, has attempted to contact SPS to resolve this matter, with little success due to the manner in which SPS conducts its business operations. At one point, however, in mid-2016, a successful contact was finally made.

10. In the course of this contact, the asserted missing payments were identified by SPS. The Debtors, through counsel, then submitted copies of canceled checks evidencing that said payments were in fact made. The formal response from the SPS representative was to the effect that as far as it was concerned the payments were due and it needn't be concerned about the payments made before its

[1] Many of these notices were sent to Debtors' counsel rather than to the Debtors despite counsel's request for them to be served directly on the Debtors.

involvement with this loan.

11. The Debtors now seek an Order Reopening Case for the purpose of seeking to enforce the terms of the fully performed Plan and the Discharge entered pursuant thereto. The particulars of the foregoing will be set forth in greater detail in pleadings to be filed in this court to accomplish this result which will include a motion for the issuance of an OSC re Contempt and if deemed appropriate, a complaint for declaratory relief.

12. Debtors respectfully submit that cause has been shown for this bankruptcy case to be reopened for the limited purpose of asserting and protecting their rights under and pursuant to their fully performed Chapter 13 Plan and their discharge under 11 U.S.C. §524(a).

DATED: October 25, 2016

LAW OFFICES OF STEVEN A. SCHWABER

By: Steven A. Schwaber

Digitally signed by: Steven A. Schwaber
DN: CN = Steven A. Schwaber email = steve@schwaberlaw.com C = US O = Law Offices of Steven A. Schwaber
Date: 2016.11.01 18:16:02 -08'00'

STEVEN A. SCHWABER, Attorney for Debtors GARY YEARICK and PAMELA YEARICK

**DECLARATION OF STEVEN A. SCHWABER**

1. I am an attorney duly licensed to practice before this Court and I am the attorney for GARY YEARICK and PAMELA YEARICK, the Debtors herein. In that capacity I have personal knowledge of the facts set forth herein and could testify thiseto if called upon to do so, except for matters stated to be on information and belief, as to which I could testify thiseto on that basis.

2. In addition, I am a board certified bankruptcy specialist (business bankruptcy law, by the American Board of Certification) and I have been practicing in the Los Angeles area for over 40 years, mostly in the bankruptcy arena, and any conclusions and/or opinions stated in this declaration are based on such background and experience.

3. I have personally reviewed this Court's cm/ecf docket for this case. A copy of this Court's docket as printed directly from the Court's ECF records by me is attached hereto as Exhibit 3, and is incorporated herein by reference as though fully set forth at this point. Judicial notice of this document is requested in a separate pleading filed concurrently herewith.

4. Debtors filed their voluntary Chapter 13 petition herein on February 10, 2012.

5. The Debtors' First Amended Chapter 13 Plan (the "Plan") was confirmed by this court on May 7, 2012. The Plan as approved called for the Debtors to keep all regular monthly payments to the secured lenders current during the Plan period. A copy of this Plan is attached hereto as Exhibit 1, and is incorporated herein by reference as though fully set forth at this point.

6. At all times following the confirmation of the Plan, the Debtors made, *inter alia*, all regular monthly payments due on the notes and deeds of trust executed by Debtors in favor of Countrywide Home Loans, Inc. ("Countrywide"). Countryside's assets, including this loan, were subsequently acquired in approximately 2008 by Bank of America. Such payments were made to Bank of America following its acquisition of Countrywide.

7. Bank of America was a duly scheduled secured creditor in Schedule D of the Debtors' schedules. A copy of the Debtors' Schedule D is attached hereto as Exhibit 2, and is incorporated herein by reference as though fully set forth at this point.

8. At no time were the Debtors notified that their payments were to be made to any other owner or servicer of the Countrywide note other than at the time of Bank of America's acquisition of Countrywide. As a result, all of the Debtors' post-petition regular payments were made by them to Bank of America.

9. The Court entered the Discharge of Debtors herein on April 16, 2014 and the case was closed by the clerk's office of this Court on May 15, 2014.

10. The foregoing court activity is evidenced by this Court's ECF docket report of the instant bankruptcy case, a copy of which is attached hereto as Exhibit 3, and is incorporated herein by reference as though fully set forth at this point. Judicial notice of this document is requested in a separate pleading filed concurrently herewith.

11. From and after the closing of this case, the Debtors have received repeated notices from an entity named Select Portfolio Services ("SPS") asserting a default by the Debtors in their

postpetition payments and asserting its rights as a creditor in the case.[2]

12. Debtors' counsel, Steven A. Schwaber, has attempted to contact SPS to resolve this matter, with little success due to the manner in which SPS conducts its business operations. At one point, however, in mid-2016, a successful contact was finally made.

13. In the course of this contact, the asserted missing payments were identified by SPS. The Debtors, through counsel, then submitted copies of canceled checks evidencing that said payments were in fact made. The formal response from the SPS representative was to the effect that as far as it was concerned the payments were due and it needn't be concerned about the payments made before its involvement with this loan.

14. The Debtors now seek an Order Reopening Case for the purpose of seeking to enforce the terms of the fully performed Plan and the Discharge entered pursuant thereto. The particulars of the foregoing will be set forth in greater detail in pleadings to be filed in this court to accomplish this result which will include a motion for the issuance of an OSC re Contempt and if deemed appropriate, a complaint for declaratory relief.

15. Debtors respectfully submit that cause has been shown for this bankruptcy case to be reopened for the limited purpose of asserting and protecting their rights under and pursuant to their fully performed Chapter 13 Plan and their discharge under 11 U.S.C. §524(a).

---

[2] Many of these notices were sent to me rather than to the Debtors despite my request for them to be served directly on the Debtors.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 23, 2012, at San Marino, California.

Steven A. Schwaber

Digitally signed by: Steven A. Schwaber
DN: CN = Steven A. Schwaber email = steve@schwaberlaw.com C = US O = Law Offices of Steven A. Schwaber
Date: 2016.11.01 18:15:12 -08'00'

STEVEN A. SCHWABER

DECLARATION OF GARY YEARICK and PAMELA YEARICK

1. We are the Debtors and Movants in the instant bankruptcy case. We have personal knowledge of the facts set forth in this declaration and know them to be true, except as to any matters which may be stated as being on information and belief as to which matters I believe them to be true. We could testify to said facts if called upon to do so.

2. We filed our voluntary Chapter 13 petition herein on February 10, 2012.

3. Our First Amended Chapter 13 Plan (the "Plan") was confirmed by this court on May 7, 2012. The Plan as approved called for us to keep all regular monthly payments to the secured lenders current during the Plan period. A copy of this Plan is attached hereto as Exhibit 1, and is incorporated herein by reference as though fully set forth at this point.

4. At all times following the confirmation of the Plan, the we made, *inter alia*, all regular monthly payments due on the notes and deeds of trust executed by us in favor of Countrywide Home Loans, Inc. ("Countrywide"). Countryside's assets, including this loan, were subsequently acquired in approximately 2008 by Bank of America. Such payments were made to Bank of America following its acquisition of Countrywide.

5. Bank of America was a duly scheduled secured creditor in Schedule D of the Debtors' schedules. A copy of the our Schedule D is attached hereto as Exhibit 2, and is incorporated herein by reference as though fully set forth at this point.

6. At no time were we ever notified that our payments

were to be made to any other owner or servicer of the Countrywide loan other than at the time of Bank of America's acquisition of Countrywide. As a result, all of the our post-petition regular payments were made by them to Bank of America.

7. The Court entered the our Discharge of Debtors herein on April 16, 2014.

8. The foregoing court activity is evidenced by this Court's ECF docket report of the instant bankruptcy case, a copy of which is attached hereto as Exhibit 3, and is incorporated herein by reference as though fully set forth at this point. Judicial notice of this document is requested in a separate pleading filed concurrently herewith.

9. From and after the closing of this case, the we, either directly and/or through Mr. Schwaber, have received repeated notices from an entity named Select Portfolio Services ("SPS") asserting a default by us in our postpetition payments and asserting its rights as a creditor in the case.[3]

10. We are aware that Mr. Schwaber has attempted to contact SPS to resolve this matter, with little success. We were subsequently informed by Mr. Schwaber that at one point in mid-2016, he successfully contacted SPS. In the course of this contact, he informed us that the asserted missing payments were identified by SPS. We then, through him, submitted copies of canceled checks evidencing that said payments were in fact made. Mr. Schwaber then informed us that the formal response from the SPS representative was

[3] Many of these notices were sent to our counsel rather than to us despite counsel's request for them to be served directly on the Debtors.

to the effect that as far as it was concerned the payments were due and it needn't be concerned about the payments made before its involvement with this loan.

11. We are now asking this court for an Order Reopening Case for the purpose of seeking to enforce the terms of the fully performed Plan and the Discharge entered pursuant thereto. The particulars of the foregoing will be set forth in greater detail in Mr. Schwaber's pleadings to be filed in this court to accomplish this result.

12. We respectfully submit that cause has been shown for this bankruptcy case to be reopened for the limited purpose of asserting and protecting our rights under and pursuant to our fully performed Chapter 13 Plan and our discharge.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 24, 2016, at Alta Loma, California.

GARY YEARICK

PAMELA YEARICK

**Exhibit 1**

## File a Plan:

6:12-bk-13422-DS Gary Yearick and Pamela Yearick

| | | |
|---|---|---|
| Type: bk | Chapter: 13 v | Office: 6 (Riverside) |
| Assets: y | Judge: DS | |

**U.S. Bankruptcy Court**

**Central District Of California**

Notice of Electronic Filing

The following transaction was received from Steven A Schwaber entered on 3/26/2012 at 4:42 PM PDT and filed on 3/26/2012

| | |
|---|---|
| **Case Name:** | Gary Yearick and Pamela Yearick |
| **Case Number:** | 6:12-bk-13422-DS |
| **Document Number:** | 17 |

**Docket Text:**
Amended Chapter 13 Plan Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick (RE: related document(s)[7] Chapter 13 Plan Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick.). (Schwaber, Steven)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**First Amended Plan - SIGNED.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=3/26/2012] [FileNumber=54550391-0] [6c8d1cdade07ccba00c5a2ddbdf81eff35f77e2ecfa9dcdb7cc88f5ef826426129 8b25abcd4c0054b179c2cc531aa687991a88d4a1a06b002993321319d4668d]]

**6:12-bk-13422-DS Notice will be electronically mailed to:**

Rod (DS) Danielson (TR)
notice-efile@rodan13.com

Cassandra J Richey on behalf of Interested Party Courtesy NEF
cmartin@pprlaw.net

Steven A Schwaber on behalf of Debtor Gary Yearick
schwaberlaw@sbcglobal.net, bklawr@bklaw.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

**6:12-bk-13422-DS Notice will not be electronically mailed to:**

Name **Law Offices of Steven A. Schwaber**

Address **2600 Mission Street Suite 100**

**San Marino, CA 91108**

Telephone **(626) 403-5600** (FAX) **(626) 403-4691**

☒ Attorney for Debtor(s)
State Bar I.D. No. **43678**

☐ Debtor(s) in Pro Se (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names used by Debtor(s) within last 8 years: | Chapter 13 Case No. **6:12-bk-13422 DS** |
|---|---|
| **Yearick, Gary R** | **AMENDED CHAPTER 13 PLAN** |
| **Yearick, Pamela D** | **CREDITORS MEETING:**<br>**Date: April 24, 2012**<br>**Time: 9:00 a.m.**<br>**Place: 3685 Main Street, Room 200-A**<br>**Riverside, CA 92501** |
| | **CONFIRMATION HEARING:**<br>**Date: TBD, Notice to Follow**<br>**Time:**<br>**Place:** |

**NOTICE**

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Debtor proposes the following plan and makes the following declarations:

## I. PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:

Debtor submits the following to the supervision and control of the Chapter 13 trustee:

A. Payments by debtor of $ **3,230.00** per month for **20** months. This monthly payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $ **64,600.00** which is estimated to pay **100.00** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. § 1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| **None** | | | $ |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: **None**

**II. ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in the plan or by court order, the Chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

   (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

   (b) Administrative expenses (Class 1(a)) in an amount not exceeding **9.91** % of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding **9.91** % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 |
|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). |

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $ | | $ | | $ |
| (3) Chapter 7 Trustee's Fees | $ | | $ | | $ |
| (4) Other | $ | | $ | | $ |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | $ | % | $ | | $ |
| (2) Franchise Tax Board | $ | % | $ | | $ |
| (3) Domestic Support Obligation | $ | % | $ | | $ |
| (4) Other | $ | % | $ | | $ |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | $ | % | $ | | $ |

## CLASS 2

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE**

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

**Bank of America** (name of creditor) — **3383** (last 4 digits of account number)

**Bank of America** (name of creditor) — **9052** (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| **None** | | $ | % | $ | | $ |

## CLASS 3

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN**

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| **Bank of America** | **3383** | $ **456,093.24** | $ **22,242.00** | % **0.00** | $ **1,059.15** | **20** | $ **21,183.00** |
| **Bank of America** | **9052** | $ | $ **4,362.00** | % **0.00** | $ **207.72** | **20** | $ **4,154.40** |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 153,216.16 | | | | | |
| **RPM Lenders** | **6588** | $ **2,349.93** | $ **2,349.93** | % **5.00** | $ **117.10** | **20** | $ **2,342.00** |

**CLASS 4**

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

(name of creditor) (last 4 digits of account number)

(name of creditor) (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| **Name of Creditor** | **Last Four Digits of Account Number** | **Cure of Default** | | | | |
|---|---|---|---|---|---|---|
| | | **AMOUNT OF ARREARAGE** | **INTEREST RATE** | **MONTHLY PAYMENT** | **NUMBER OF MONTHS** | **TOTAL PAYMENT** |
| **None** | | $ | % | $ | | $ |

**CLASS 5**

**NON-PRIORITY UNSECURED CLAIMS**

The Debtor estimates that non-priority unsecured claims total the sum of $ **30,020.95**.

Class 5 claims will be paid as follows:

(Check one box only.)

☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ **0.00** which is estimated to pay **0.00** % of the scheduled nonpriority unsecured debt.

## IV. PLAN ANALYSIS

| | |
|---|---|
| **CLASS 1a** | $ **0.00** |
| **CLASS 1b** | $ **0.00** |
| **CLASS 1c** | $ **0.00** |

| | |
|---|---|
| CLASS 4 | $ 0.00 |
| CLASS 5 | $ 25,527.66 |
| SUB-TOTAL | $ 54,819.30 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $ 6,750.70 |
| TOTAL PAYMENT | $ 61,370.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
**None**

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
**None**

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
**None**

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
**None**

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)
**None**

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: **February 8, 2012**

***/s/ STEVEN A. SCHWABER***
*Attorney for Debtor(s)*
***/s/ Gary R Yearick***
Debtor
***/s/ Pamela D Yearick***
Joint Debtor

| In re: GARY YEARICK and PAMELA YEARICK Debtor(s). | CHAPTER 13<br>CASE NUMBER 6:12-bk-13422 DS |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category **I**. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Law Offices of Steven A. Schwaber, 2600 Mission Street, Suite 100, San Marino, CA 91108

A true and correct copy of the foregoing document described as AMENDED CHAPTER 13 PLAN will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 23, 2012 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Rod (DS) Danielson (TR) notice-efile@rodan13.com
Cassandra J Richey cmartin@pprlaw.net
Steven A Schwaber schwaberlaw@sbcglobal.net, bklawr@bklaw.com
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On March 23, 2012 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof ~~in a sealed envelope~~ in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on____________________ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 26, 2012 | STEVEN A. SCHWABER | Steven A. Schwaber — Digitally signed by Steven A. Schwaber DN: cn=Steven A. Schwaber, o=Law Offices of Steven A. Schwaber, ou, email=steve@schwaberlaw.com, c=US Date: 2012.03.26 17:33:44 -07'00' |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Label Matrix for local noticing
0973-6
Case 6:12-bk-13422-DS
Central District Of California
Riverside

Rod (DS) Danielson (TR)
4361 Latham Street, Suite 270
Riverside, CA 92501-4332

Acclaim Credit Technologies
P.O. Box 3028
Visalia, CA 93278-3028

Ann Taylor
Customer Service
P.O. Box 182273
Columbus, OH 43218-2273

Applied Bank
P.O. Box 17125
Wilmington, DE 19850-7125

Banana Republic
P.O. Box 965004
Orlando, FL 32896-5004

Bank of America
P.O. Box 5170
Simi Valley, CA 93062-5170

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

First Premiere Bank
P.O. Box 5524
Sioux Falls, SD 57117-5524

GE Capital Retail Bank
Attn: Bankruptcy Dept.
P.O. Box 103104
Roswell, GA 30076-9104

GE Capital Retail Bank
c/o Recovery Management Systems Corp
25 SE 2nd Ave Suite 1120
Miami FL 33131-1605

GE Money Bank - Projectline
P.O. Box 981127
El Paso, TX 79998-1127

Gubler, Koch, Degn & Gomez
1110 North Chinoweth Street
Visalia, CA 93291-4113

Portfolio Recovery Associates
49 Winter Street
Weymouth, MA 02188-3367

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

RPM Lenders
5138 Century Boulevard
Inglewood, CA 90304-1224

Shell Oil Co./Texaco Card Services
P.O. Box 689151
Des Moines, IA 50368-9151

Talbot's Classics Finance Co., Inc.
4 Blackstone Valley Place
Lincoln, RI 02865-1105

Talbots
c/o Creditors Bankruptcy Service
P O Box 740933
Dallas, TX 75374-0933

United States Trustee (RS)
3685 Main Street, Suite 300
Riverside, CA 92501-2804

Valero Payment Services Co.
DSRM National Bank
P.O. Box 300
Amarillo, TX 79105-0300

WFNNB
P.O. Box 182125
Columbus, OH 43218-2125

Wyndham Consumer Services
P.O. Box 98940
Las Vegas, NV 89193-8940

**Exhibit 2**

B6D (Official Form 6D) (12/07)

IN RE Yearick, Gary R & Yearick, Pamela D Case No. ____________
Debtor(s) (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3383<br>Bank of America<br>P.O. Box 5170<br>Simi Valley, CA 93062 | | J | First lien on debtors' primary residence.<br>VALUE $ 525,000.00 | | | | 456,093.24 | 84,309.40 |
| ACCOUNT NO. 9052<br>Bank of America<br>P.O. Box 5170<br>Simi Valley, CA 93062 | | J | Second lien on debtors' primary residence. Incurred 2006.<br>VALUE $ 525,000.00 | | | | 153,216.16 | |
| ACCOUNT NO. 6588<br>RPM Lenders<br>5138 Century Boulevard<br>Inglewood, CA 90304 | | C | Personal loan secured by Toyota automobile.<br>VALUE $ 8,945.00 | | | | 2,349.93 | |
| ACCOUNT NO.<br>Wyndham Consumer Services<br>P.O. Box 98940<br>Las Vegas, NV 87193 | | J | VALUE $ | | | | 2,527.07 | 2,527.07 |
| 0 continuation sheets attached | | | | | | Subtotal (Total of this page) | $ 614,186.40 | $ 86,836.47 |
| | | | | | | Total (Use only on last page) | $ 614,186.40 | $ 86,836.47 |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**Exhibit 3**

**CLOSED**

# U.S. Bankruptcy Court
# Central District of California (Riverside)
# Bankruptcy Petition #: 6:12-bk-13422-DS

*Assigned to:* Deborah J. Saltzman
Chapter 13
Voluntary
Asset

*Date filed:* 02/10/2012
*Date terminated:* 05/15/2014
*Debtor discharged:* 04/14/2014
*Joint debtor discharged:* 04/14/2014
*Plan confirmed:* 05/07/2012
*341 meeting:* 05/01/2012

*Debtor disposition:* Standard Discharge
*Joint debtor disposition:* Standard Discharge

***Debtor***
**Gary Yearick**
5759 Layton Street
Alta Loma, CA 91701
SAN BERNARDINO-CA
SSN / ITIN: xxx-xx-3200

represented by **Steven A Schwaber**
2600 Mission St Ste 100
San Marino, CA 91108
626-403-5600
Email: schwaberlaw@sbcglobal.net

***Joint Debtor***
**Pamela Yearick**
5759 Layton Street
Alta Loma, CA 91701
SAN BERNARDINO-CA
SSN / ITIN: xxx-xx-0016

represented by **Steven A Schwaber**
(See above for address)

***Trustee***
**Rod (DS) Danielson (TR)**
3787 University Avenue
Riverside, CA 92501
(951) 826-8000

***U.S. Trustee***
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 05/15/2014 | 71 | Bankruptcy Case Closed - PLAN COMPLETED. The plan in the above referenced case has been fully implemented. Debtor has been discharged in accordance with the order of discharge, and therefore, it is ordered that the Trustee is discharged, the bond is exonerated and this case is therefore closed. (Mason, Shari) (Entered: 05/15/2014) |
| 04/16/2014 | 70 (4 pgs) | BNC Certificate of Notice (RE: related document(s)69 DISCHARGE OF DEBTOR after completion of chapter 13 plan - cases filed after 11/05/90 (BNC)) No. of Notices: 15. Notice Date 04/16/2014. (Admin.) (Entered: 04/16/2014) |

| | | |
|---|---|---|
| 04/14/2014 | 69<br>(2 pgs) | DISCHARGE OF DEBTOR after completion of chapter 13 plan - cases filed after 11/05/90 for Both Debtors (BNC) (Mason, Shari) (Entered: 04/14/2014) |
| 03/27/2014 | 66<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)60 Decl. re: non-receipt of obj. to Trustee's Final Report - Ntc re: req. to file debtor's cert. (BNC) filed by Trustee Rod (DS) Danielson (TR)) No. of Notices: 20. Notice Date 03/27/2014. (Admin.) (Entered: 03/27/2014) |
| 03/27/2014 | 65<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)59 Debtor's certification and application for entry of discharge - Chapter 13 (BNC) filed by Joint Debtor Pamela Yearick) No. of Notices: 20. Notice Date 03/27/2014. (Admin.) (Entered: 03/27/2014) |
| 03/27/2014 | 64<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)58 Debtor's certification and application for entry of discharge - Chapter 13 (BNC) filed by Debtor Gary Yearick) No. of Notices: 21. Notice Date 03/27/2014. (Admin.) (Entered: 03/27/2014) |
| 03/24/2014 | 63<br>(1 pg) | ORDER discharging chapter 13 panel trustee and exonerate bond liability Signed on 3/24/2014. (Mason, Shari) (Entered: 03/25/2014) |
| 03/24/2014 | 62<br>(1 pg) | Proof of service Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 03/24/2014) |
| 03/24/2014 | 61<br>(3 pgs) | Final report of trustee in asset case (Chapter 13) - CASE CONCLUDED Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 03/24/2014) |
| 03/24/2014 | 60<br>(2 pgs; 2 docs) | Declaration re: non-receipt of obj to trustee's final report - Notice of requirement to file a debtor's certification of compliance under 11 U.S.C. Section 1328(a) and Application for Entry of Discharge - Chapter 13 (BNC) Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 03/24/2014) |
| 03/21/2014 | 59<br>(4 pgs; 2 docs) | Debtor's certification of compliance under 11 U.S.C. Section 1328(a) and Notice of application for entry of discharge (BNC) Filed by Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 03/21/2014) |
| 03/21/2014 | 58<br>(4 pgs; 2 docs) | Debtor's certification of compliance under 11 U.S.C. Section 1328(a) and Notice of application for entry of discharge (BNC) Filed by Debtor Gary Yearick. (Schwaber, Steven) (Entered: 03/21/2014) |
| 03/06/2014 | doc<br>(6 pgs) | Response to Notice of Final Cure Payment Rule 3002.1 (Claim # 12) with Certificate of Service Filed by Creditor The Bank of New York Mellon, et al, its assignees and/or successors in interest (related document(s)56 Notice of Final Cure Mortgage Payment filed by Trustee Rod (DS) Danielson (TR)). (Javan, Nina) (Entered: 03/06/2014) |

| | | |
|---|---|---|
| 02/18/2014 | 57 (6 pgs) | Chapter 13 Trustee's Notice of Intent to File Trustee's Final Report and Account, Obtain Discharge of Debtor and Close Case . (Danielson (TR), Rod (DS)) (Entered: 02/18/2014) |
| 02/13/2014 | 56 (2 pgs) | Notice of Final Cure Mortgage Payment re: Rule 3002.1 . Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 02/13/2014) |
| 02/13/2014 | 55 (2 pgs) | Notice of Final Cure Mortgage Payment re: Rule 3002.1 . Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 02/13/2014) |
| 02/05/2014 | 54 (2 pgs) | Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management - Joint Debtor (Official Form 23) Filed by Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 02/05/2014) |
| 02/05/2014 | 53 (2 pgs) | Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management - Debtor (Official Form 23) Filed by Debtor Gary Yearick. (Schwaber, Steven) (Entered: 02/05/2014) |
| 01/07/2014 | 52 (1 pg) | Document/Hearing Held - WITHDRAWN - (RE: related document(s)39 Trustee's Motion to Dismiss Case (batch)) (Jeanmarie, Cynthia) (Entered: 01/09/2014) |
| 12/20/2013 | 51 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)50 Order on Motion to Modify Plan or Suspend Plan Payments (Ch 13) (BNC-PDF)) No. of Notices: 1. Notice Date 12/20/2013. (Admin.) (Entered: 12/20/2013) |
| 12/20/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 39 TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on 01/07/2014 at 01:30 PM 3420 Twelfth Street Courtroom 304 Riverside, CA 92501 for 39 , (Jeanmarie, Cynthia) (Entered: 12/20/2013) |
| 12/18/2013 | 50 (3 pgs) | Order Granting Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments (BNC-PDF) (Related Doc # 40) Signed on 12/18/2013. (Mason, Shari) (Entered: 12/18/2013) |
| 12/17/2013 | 49 (5 pgs) | Notice of lodgment *Order Granting Debtors' Motion To Extend Plan Period* Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick (RE: related document(s)40 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick). (Schwaber, Steven) (Entered: 12/17/2013) |
| 12/12/2013 | 48 (4 pgs) | Notice of lodgment *Order Granting Debtors' Motion to Extend Plan Period* Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick (RE: related document(s)40 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick). (Schwaber, Steven) (Entered: 12/12/2013) |

| | | |
|---|---|---|
| 12/10/2013 | 47<br>(5 pgs) | Objection (related document(s): 46 Notice of Lodgment filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick) *OBJECTION TO THE FORM OF THE PROPOSED ORDER ON TRUSTEE'S MOTION TO DISMISS CASE* Filed by Trustee Rod (DS) Danielson (TR) (Danielson (TR), Rod (DS)) (Entered: 12/10/2013) |
| 12/09/2013 | 46<br>(5 pgs) | Notice of lodgment *re: Order Denying Chapter 13 Trustee's Motion to Dismiss Case and Granting Debtors' Motion to Extend Plan Period* Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick (RE: related document(s)39 Trustee's Motion to Dismiss Case . (Danielson (TR), Rod (DS)), 40 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick, 45 Hearing Set (RE: related document(s)39 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for 12/3/2013 at 01:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Deborah J. Saltzman). (Schwaber, Steven) (Entered: 12/09/2013) |
| 12/05/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 39 TRUSTEE'S MOTION TO DISMISS CASE (BATCH) ) Hearing to be held on 12/17/2013 at 01:30 PM 3420 Twelfth Street Courtroom 304 Riverside, CA 92501 for 39 , (Hawkinson, Susan) (Entered: 12/05/2013) |
| 11/13/2013 | 45 | Hearing Set (RE: related document(s)39 Trustee's Motion to Dismiss Case (batch)) The Hearing date is set for 12/3/2013 at 01:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Deborah J. Saltzman (Jeanmarie, Cynthia) (Entered: 11/13/2013) |
| 11/13/2013 | 44<br>(2 pgs) | Trustee's Comments on or Objection to *MOTION TO MODIFY/SUSPEND PLAN PAYMENTS* Filed by Trustee Rod (DS) Danielson (TR) (RE: related document(s)40 Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick). (Danielson (TR), Rod (DS)) (Entered: 11/13/2013) |
| 11/12/2013 | 43<br>(3 pgs) | Notice of Hearing *Notice of Hearing on Chapter 13 Trustee's Motion to Dismiss* Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick (RE: related document(s)39 Trustee's Motion to Dismiss Case . (Danielson (TR), Rod (DS))). (Schwaber, Steven) (Entered: 11/12/2013) |
| 11/12/2013 | 42 | Notice to Filer of Error and/or Deficient Document **Other - THE FILER IS INSTRUCTED TO FILE A NOTICE OF HEARING AND PLACE THE CORRECT HEARING DATE AND TIME ON THE DOCUMENT. PLEASE REFER TO JUDGE SALTZMAN'S SELF CALENDAR ON THE COURT'S WEBSITE, FOR A HEARING DATE.** (RE: related document(s)41 Opposition filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick) (Jeanmarie, Cynthia) (Entered: 11/12/2013) |

| | | |
|---|---|---|
| 11/08/2013 | 41<br>(13 pgs) | Opposition to (related document(s): 39 Trustee's Motion to Dismiss Case ) *Notice of Opposition And Request for a Hearing* Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick (Schwaber, Steven) WARNING: Item subsequently amended by docket entry # 42 . Modified on 11/12/2013 (Jeanmarie, Cynthia). (Entered: 11/08/2013) |
| 11/08/2013 | 40<br>(4 pgs) | Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick (Schwaber, Steven) (Entered: 11/08/2013) |
| 10/28/2013 | 39<br>(1 pg) | Trustee's Motion to Dismiss Case . (Danielson (TR), Rod (DS)) (Entered: 10/28/2013) |
| 10/02/2013 | 38<br>(1 pg) | Chapter 13 Trustee Periodic Accounting Report . (Danielson (TR), Rod (DS)) (Entered: 10/02/2013) |
| 04/01/2013 | 37<br>(1 pg) | Chapter 13 Trustee Periodic Accounting Report . (Danielson (TR), Rod (DS)) (Entered: 04/01/2013) |
| 12/28/2012 | 36<br>(3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)35 Transfer of Claim filed by Creditor Midland Funding LLC by American InfoSource LP as agent) No. of Notices: 0. Notice Date 12/28/2012. (Admin.) (Entered: 12/29/2012) |
| 12/25/2012 | 35<br>(2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Portfolio Investments II LLC (Claim No. 1) To Midland Funding LLC To Midland Funding LLCby American InfoSource LP as agentPO Box 4457Houston, TX 77210-4457 Filed by Creditor Midland Funding LLC by American InfoSource LP as agent. (Walls, Lovetta) (Entered: 12/25/2012) |
| 12/12/2012 | 34<br>(3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)33 Transfer of Claim filed by Creditor Courtesy NEF, Interested Party Courtesy NEF) No. of Notices: 0. Notice Date 12/12/2012. (Admin.) (Entered: 12/12/2012) |
| 12/07/2012 | 33<br>(7 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: GE Capital Retail Bank (Claim No. 1) To Portfolio Investments II LLC To Portfolio Investments II LLCc/o Recovery Management Systems Corporation25 SE 2nd Avenue Suite 1120Miami, FL 33131-1605 Filed by Creditor Courtesy NEF. (Singh, Ramesh) (Entered: 12/07/2012) |
| 10/31/2012 | 32<br>(1 pg) | Notice of increased claim . (Danielson (TR), Rod (DS)) (Entered: 10/31/2012) |
| 10/31/2012 | 31<br>(2 pgs) | Notice of additional claims. (Danielson (TR), Rod (DS)) (Entered: 10/31/2012) |
| 10/16/2012 | 30<br>(2 pgs) | Notice of intent to pay claims . (Danielson (TR), Rod (DS)) (Entered: 10/16/2012) |

| | | |
|---|---|---|
| 07/27/2012 | 29<br>(3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)28 Transfer of Claim) No. of Notices: 1. Notice Date 07/27/2012. (Admin.) (Entered: 07/27/2012) |
| 07/23/2012 | 28<br>(19 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e)2 Transferor: The Bank of New York Mellon, et al (Claim No. 4) To Old Republic Insurance Company To Old Republic Insurance Company c/o Old Republic Equity Credit Services 307 N Michigan 13th Fl. Chicago IL 60601. (Denson, Latisha) (Entered: 07/25/2012) |
| 05/09/2012 | 27<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)25 Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 1. Notice Date 05/09/2012. (Admin.) (Entered: 05/09/2012) |
| 05/09/2012 | 26<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)24 Order Confirming Chapter 13 Plan) No. of Notices: 1. Notice Date 05/09/2012. (Admin.) (Entered: 05/09/2012) |
| 05/07/2012 | 25<br>(3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Jeanmarie, Cynthia) (Entered: 05/07/2012) |
| 05/07/2012 | 24<br>(2 pgs) | Order Confirming Chapter 13 Plan (Related Doc # 17 ) Signed on 5/7/2012 (Jeanmarie, Cynthia) (Entered: 05/07/2012) |
| 05/05/2012 | 23<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Damen, Jonathan. (Damen, Jonathan) (Entered: 05/05/2012) |
| 04/27/2012 | 22 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Rod (DS) Danielson (TR). 341(a) Meeting Continued to 5/1/2012 at 09:00 AM at RM 200A, 3685 Main Street, 2nd Floor, Riverside. CA 92501. (Danielson (TR), Rod (DS)) (Entered: 04/27/2012) |
| 04/12/2012 | 21<br>(3 pgs) | Notice of Hearing *AMENDED NOTICE OF SECTION 341(a) MEETING AND HEARING ON CONFIRMATION OF CHAPTER 13 PLAN WITH COPY OF CHAPTER 13 PLAN* Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 04/12/2012) |
| 03/29/2012 | 20 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Rod (DS) Danielson (TR). 341(a) Meeting Continued to 4/24/2012 at 09:00 AM at RM 200A, 3685 Main Street, 2nd Floor, Riverside. CA 92501. (Danielson (TR), Rod (DS)) (Entered: 03/29/2012) |
| 03/28/2012 | | Hearing (Bk Other) Continued (RE: related document(s) 7 CHAPTER 13 PLAN filed by Gary Yearick) Confirmation Hearing to be held on 05/01/2012 at 01:30 PM 3420 Twelfth Street Courtroom 304 Riverside, CA 92501 for 7 , (Jeanmarie, Cynthia) (Entered: 03/28/2012) |
| 03/27/2012 | 19 | Notice to Filer of Error and/or Deficient Document **Incorrect event code was used to file this document. THE FILER IS** |

| | | |
|---|---|---|
| | | **INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT EVENT. (BK-Other>Debtor's notice of 341(a)mtg - Chapter 13)** (RE: related document(s)18 Notice of Hearing filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick) (Green, Yolanda) (Entered: 03/27/2012) |
| 03/26/2012 | 18 (3 pgs) | Notice of Hearing *Notice of §341a Hearing and Deadline for Filing of Objections to Plan* Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick. (Schwaber, Steven) Warning: Item subsequently amended by document no.19 Modified on 3/27/2012 (Green, Yolanda). (Entered: 03/26/2012) |
| 03/26/2012 | 17 (7 pgs) | Amended Chapter 13 Plan Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick (RE: related document(s)7 Chapter 13 Plan Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick.). (Schwaber, Steven) (Entered: 03/26/2012) |
| 03/19/2012 | 16 (4 pgs) | Proof of service *Proof of Service of Chapter 13 Plan* Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 03/19/2012) |
| 03/19/2012 | 15 (3 pgs) | Declaration RE Tax Returns (Preconfirmation) Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 03/19/2012) |
| 03/19/2012 | 14 (6 pgs) | Declaration setting forth postpetition, preconfirmation deed of trust payments Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 03/19/2012) |
| 03/15/2012 | 13 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Richey, Cassandra. (Richey, Cassandra) (Entered: 03/15/2012) |
| 03/09/2012 | 12 | Hearing Set (RE: related document(s)7 Chapter 13 Plan filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick) Confirmation hearing to be held on 3/27/2012 at 01:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Deborah J. Saltzman (Jeanmarie, Cynthia) (Entered: 03/09/2012) |
| 03/01/2012 | 11 (2 pgs) | Notice of Hearing *NOTICE OF CORRECTED CONFIRMATION HEARING DATE* Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 03/01/2012) |
| 02/15/2012 | 10 (5 pgs) | BNC Certificate of Notice (RE: related document(s)8 Meeting (AutoAssign Chapter 13)) No. of Notices: 12. Notice Date 02/15/2012. (Admin.) (Entered: 02/15/2012) |
| 02/14/2012 | 9 (2 pgs) | Statement Filed by Trustee Rod (DS) Danielson (TR). (Danielson (TR), Rod (DS)) (Entered: 02/14/2012) |
| 02/10/2012 | 8 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 03/20/2012 at 09:00 AM at RM 200A, 3685 Main Street, 2nd Floor, Riverside. CA 92501. Confirmation hearing to be held on 03/20/2012 at 01:30 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. Proof of Claim due by 06/18/2012. (Schwaber, Steven) (Entered: |

| | | |
|---|---|---|
| | | 02/10/2012) |
| 02/10/2012 | 7<br>(5 pgs) | Chapter 13 Plan Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 02/10/2012) |
| 02/10/2012 | 6<br>(6 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 02/10/2012) |
| 02/10/2012 | 5<br>(1 pg) | Declaration RE: Payment of Domestic Support Obligations Filed by Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 02/10/2012) |
| 02/10/2012 | 4<br>(1 pg) | Declaration RE: Payment of Domestic Support Obligations Filed by Debtor Gary Yearick. (Schwaber, Steven) (Entered: 02/10/2012) |
| 02/10/2012 | 3 | Statement of Social Security Number(s) Form B21 Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 02/10/2012) |
| 02/10/2012 | 2<br>(1 pg) | Declaration Re: Electronic Filing Filed by Debtor Gary Yearick, Joint Debtor Pamela Yearick. (Schwaber, Steven) (Entered: 02/10/2012) |
| 02/10/2012 | | Receipt of Voluntary Petition (Chapter 13)(6:12-bk-13422) [misc,volp13] ( 281.00) Filing Fee. Receipt number 25311177. Fee amount 281.00. (U.S. Treasury) (Entered: 02/10/2012) |
| 02/10/2012 | 1<br>(69 pgs) | Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Gary Yearick, Pamela Yearick (Schwaber, Steven) (Entered: 02/10/2012) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/22/2016 11:54:36 | | | |
| **PACER Login:** | losaspacer:2639598:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:12-bk-13422-DS Fil or Ent: filed From: 11/24/2010 To: 2/22/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Law Offices of Steven A. Schwaber, 2600 Mission Street, Suite 100, San Marino, CA 91108

A true and correct copy of the foregoing document entitled (*specify*): __Motion of Debtors to Reopen Case to Enforce Debtors' Discharge; Declarations in Support Thereof___ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** In the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _ November 1, 2016 _, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached.

X Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __November 2, 2016__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Bank of America, N.A.
Building C
2380 Performance Drive
Richardson, Tx 75082

Midland Funding LLC
c/o American InfoSource LP
P.O. Box 4457
Houston, TX 77210-4457

Select Portfolio Servicing, Inc.
Attn: Bankruptcy Dept.
P.O. Box 65250
Salt Lake City, UT 84165

Chambers of Hon. Scott Yun
Suite 345
3420 – 12th Street
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 1, 2016 | Steven A. Schwaber | Steven A. Schwaber — Digitally signed by: Steven A. Schwaber DN: CN = Steven A. Schwaber email = steve@schwaberlaw.com C = US O = Law Offices of Steven A. Schwaber Date: 2016.11.01 18:13:45 -08'00' |
| *Date* | *Printed Name* | *Signature* |

# Mailing Information for Case 6:12-bk-13422-DS

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Marlene Brookman** marlene.brookman@bankofamerica.com
- **Jonathan J Damen** BKnotice@rcolegal.com, RCO@ecf.inforuptcy.com
- **Rod (DS) Danielson (TR)** notice-efile@rodan13.com
- **Nina Z Javan** njavan@brutzkusgubner.com
- **Cassandra J Richey** cmartin@pralc.com
- **Steven A Schwaber** schwaberlaw@sbcglobal.net, bklawr@bklaw.com
- **United States Trustee (RS)** ustpregion16.rs.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Courtesy NEF**
,

**Midland Funding LLC by American InfoSource LP as agent**
PO Box 4457
Houston, TX 77210-4457

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.